ELEANOR R. FERNALD *vs.* SAMUEL A. D. SHEPPARD & others.

Suffolk.    March 25, 1907. — May 15, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Libel and Slander.   Practice, Civil.*

In an action for libel, the declaration set forth as containing the libel a document which included, in the order stated, a caption as of a paper to be filed in a divorce proceeding in the Superior Court; the paragraph, " We the undersigned . . . petition . . . that the dismissal of a libel for divorce may be reconsidered and granted from the evidences of the following witnesses for F."; fourteen paragraphs reciting evidence as to acts of adultery, attempted poisoning, assault and cruelty on the part of the plaintiff toward F., her husband, with names of witnesses; the paragraph " I . . . petition . . . that the dismissal of the libel will be reconsidered and a divorce granted," and the signature of F.; then the certificate, " We the undersigned have known F. as an upright, honorable physician and gentleman for many years and . . . request that his petition be granted," followed by ninety signatures, among them those of the defendants, and closed with the words, " the facts are true herein," followed by the signature of F. *Held,* that the certificate signed by the defendants did not incorporate the petition into it, and the defendants were not liable for publication of the libellous portions of the petition.

At the trial of an action for libel, the plaintiff introduced as containing the libel a document which consisted of a petition of one F. for reconsideration of a decree dismissing divorce proceedings instituted by him, and of a certificate and request that the petition be granted, signed by the defendants. In the petition there were libellous statements, but there were none in the certificate. *Held,* that the question whether the certificate incorporated into itself the libellous statements in the petition was a matter relating to the construction of a written instrument, and was for the court, and not for the jury, to determine.

TORT for libel. Writ in the Superior Court for the county of Suffolk dated February 20, 1899.

The alleged libellous matter was contained in a document of which the heading and first two paragraphs read:

" Commonwealth of Massachusetts.

City of Boston           and           County of Suffolk.

" To the Honorable Justice Charles S. Lilly of the Superior Divorce Court:

" We the undersigned do most respectfully petition and pray that the dismissal of a libel for divorce may be reconsidered and granted from the evidence of the following witnesses for Charles A. Fernald, physician, in good standing, and son of a christian farmer, Jonathan Poor Fernald and his wife Mary Cotton Pike, deceased."

Then followed fourteen paragraphs stating evidence of acts of adultery, attempted poisoning, assaults and cruelty on the part of the plaintiff toward Charles A. Fernald, her husband, with names of witnesses. The document then proceeded:

" I most respectfully petition and pray that the dismissal of the libel will be reconsidered and a divorce granted, as was in the case of Eleanor R. Fernald's friend Mrs. Nellie Basset, (therein this case not a precedent), and a divorce granted.

" Charles A. Fernald

" 1483 Washington St.,

Boston, Mass."

" We the undersigned have known Dr. Charles A. Fernald as an upright, honorable physician and gentleman for many years and do with pleasure in the cause of justice and right respectfully request that his petition be granted by Your Honor."

There were then appended ninety signatures and addresses, among them those of the defendants, and, at the close of the list, the following:

" the facts are true herein

" Charles A. Fernald."

*C. W. Rowley,* for the plaintiff.

*T. W. Proctor,* (*F. Brewster* with him,) for the defendants.

MORTON, J.     Whether the occasion was such as to raise the defence of privilege, or whether if there was a libel there was a publication of it by the defendants, it is not necessary for us to consider, since we are of opinion that there was nothing libellous in what the defendants did.     What they did was to sign a certificate of Mr. Fernald's character, and to request that his petition for a rehearing should be granted.     Although the petition begins, " We the undersigned do most respectfully petition and pray that the dismissal of a libel for divorce may be reconsidered and granted from the evidence of the following witnesses for Charles A. Fernald, physician, in good standing, and son of," etc. it concludes, " I most respectfully petition and pray," etc., and is signed by Fernald alone and must be regarded as his petition and not that of the defendants.     The reference to it in the certificate is not for the purpose of incorporating it into the certificate, but to show for what purpose the certificate is given, and the petition is not thereby incorporated into the certificate. Whether the certificate does incorporate the petition into it is a matter relating to the construction of a written instrument, and, therefore, for the court and not for the jury.     We think that the court was right in directing a verdict for each defendant.

*Exceptions overruled.*